UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL SCALES, )
)
      Petitioner, )
)
      v. ) No. 1:19-cv-00697-JRS-TAB
)
WARDEN, )
)
      Respondent. )

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Michael Scales' petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as NCF 18-09-0088. For the reasons explained in this Entry, Mr. Scales' petition must be **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

NCF 18-09-0088 began with a conduct report by Investigator Barnham on September 14, 2018. Dkt. 7-1. The report states, in relevant part:

> A conversation occurred between inmate Scales and a former NCCF female Correctional Officer, via the GTL phone system, he told her if she files a complaint that people will talk shit and guess what I still have a year and a half left in this bitch and if you want to do that it will cause trouble. The Co's are going to start flipping out and if they want to run their cocksuckers, I will beat up a CO. This place is petty as fuck.

*Id.*

On September 24, 2018, Mr. Scales received a screening report notifying him that he had been charged with violating Code 213, "Threatening." Dkt. 7-2. Mr. Scales requested to review video of the incident, but that request was denied on grounds that the phone call was not captured on video. *Id.*

NCF 18-09-0088 proceeded to a hearing on September 26, 2018. Dkt. 7-4. According to the hearing officer's report, Mr. Scales admitted to making the statements alleged in the conduct report, but he disputed that they were threats *Id.* Mr. Scales stated that he was "venting" and that he "would not touch a C.O." *Id.* Nevertheless, after considering the conduct report, Mr. Scales' statement, and a recording of the phone call, the hearing officer found Mr. Scales guilty. *Id.* The hearing officer explained:

> Based on cond. report, evidence and offender statement conversation is in the cond. report. I have heard the phone call.
>
> — Guilty —

*Id.*

The hearing officer assessed sanctions, including rescinding 45 days' earned credit time that had previously been restored. *Id.*; dkt. 7-5. Mr. Scales' administrative appeal was denied. Dkt. 7-6.

## III. Analysis

Mr. Scales asserts that he is entitled to habeas relief for three reasons: he never "threaten[ed] a specific staff member" but simply "vent[ed] his frustration"; the screening report fails to document that he requested that the hearing officer "listen to the full audio conversation"; and the conduct report was not completed in the time required by prison policy. Dkt. 1 at 3–4. For the reasons discussed below, the Court cannot grant habeas relief on any of these grounds.

### A. Specificity of Threat

As his first ground for relief, Mr. Scales states:

> I was having a phone conversation with a former GEO staff member who told me that she was being harassed on social media by current staff members. She informed me that she intended to file a complaint with the facility due to constant harassment.
>
> . . .
>
> At no time did I threaten any specific staff member. I was simply venting my frustration that if a complaint were filed I would become a target for current staff.

Dkt. 1 at 4.

The respondent treats this argument as an assertion that Mr. Scales' conviction was not supported by sufficient evidence. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The respondent correctly notes that a conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Wilson-El v. Finnan*, 311 F. App'x 908, 910 (7th Cir. 2008) (citing *McPherson*, 188 F.3d at 786). Moreover, the Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Investigator Barnham's conduct report is "some evidence" that Mr. Scales stated over the phone that he would "beat up a CO" if members of the prison staff ran their mouths. Dkt. 7-1.

But the respondent has not addressed the crux of Mr. Scales' sufficiency argument. Mr. Scales does not dispute the contents of his statement. Rather, he contends that his statement did not communicate intent to harm anyone. Because he did not identify a specific officer, he argues, his statement amounted to venting rather than a statement that he intended to harm another person.

This argument is unpersuasive. From a legal perspective, the Court is not aware of any authority—either from a court or from the prison disciplinary code—that requires a threatening statement to specify the person who would be harmed. Mr. Scales does not direct the Court to any such authority. And, from a factual perspective, it was reasonable for the hearing officer to conclude that Mr. Scales' undisputed statement communicated his intent to physically harm someone else. The profane tenor of Mr. Scales' statement supports the conclusion that he intended to be violent. And although he did not identify any officer by name, the context surrounding his statement supports the conclusion that he intended to be violent toward officers involved in harassing his female correspondent.

4

A different trier of fact might have reached a different conclusion. But the content of Mr. Scales' statement is undisputed, and the hearing officer's decision flowed rationally from that statement. The hearing officer's decision "rest[s] on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. Consequently, this Court may not "reweigh the evidence" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348.

## B. Request for Audio Recording

As his second ground for relief, Mr. Scales states:

> At my screening, I requested that the DHO listen to the full audio conversation to get a complete understanding of the situation.
>
> . . .
>
> I was told the audio was supplied by Internal Affairs yet on the Screening Report it says I requested Video review which would be useless.

Dkt. 1 at 4. The Court understands this to be an assertion that Mr. Scales was wrongly denied either an audio recording or a written transcript of the phone call in question. The Court bases this reading on Mr. Scales administrative appeal, which states, "At screening, I asked for a written copy of the convicting telephone call but the issue wasn't ever addressed as required per the" prison disciplinary code. Dkt. 7-6 at 2.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). As the petitioner, it is Mr. Scales' burden to establish that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's]

testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness).

Mr. Scales has not met his burden of showing that any evidence he was denied was material or exculpatory. Mr. Scales does not dispute that he stated on the phone call that he would "beat up a CO" if members of the prison staff ran their mouths. Dkt. 7-1. He does not state what else was said during the call or explain how any other statement in the call undermined the hearing officer's finding of guilt or raised a reasonable probability of a different result.

To the extent Mr. Scales argues that the hearing officer did not listen to the entire call as he requested, he is contradicted by the record. The hearing officer's report states that he "heard the phone call." Dkt. 7-4. But even if the hearing officer only listened to the portion of the call documented in the conduct report, Mr. Scales has again failed to demonstrate that any other portion was material or exculpatory.

## C. Timing of Conduct Report

Finally, Mr. Scales argues that Investigator Barnham did not write the conduct report within 24 hours of the phone call as required by prison policy. But prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less

warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Scales' petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Scales' petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/16/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL SCALES
242555
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov